United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BATSIMBA MABONDZO BERANGER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-516 |
| | § | |
| WARDEN OF RIO GRANDE | § | |
| DETENTION CENTER | § | |

## ORDER

Before the Court is the United States of America's Opposed Motion to Intervene (Dkt. No. 14). According to the putative intervenor, sole respondent Warden of Rio Grande Detention Center "is not a federal employee," and as such, the United States cannot represent him without special permission (Dkt. No. 14 at 1). The United States alleges that it maintains control over immigration detainees, it has a substantial interest in the outcome of this habeas proceeding, and Petitioner would not be prejudiced by its intervention (Dkt. No. 14 at 2–3). Although the motion is designated as opposed, Petitioner's response does not meaningfully address the United States's intervention (Dkt. No. 15).

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of a right if a party "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts consider "the length of time the movant waited to file, the prejudice to the existing parties from any delay, the prejudice to the movant if intervention is denied, and any unusual circumstances." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th

Cir. 1977)). District courts should "liberally construe the test for mandatory intervention and allow intervention where no one would be hurt[,] and the greater justice could be attained." *Id.* (citation modified).

The Court finds that each of the factors weighs in the United States' favor, and it has the right to intervene in this matter. Fed. R. Civ. P. 24(a)(2); *see also Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) (describing movant's interest as "direct, substantial, and legally protectable"). Additionally, there is a risk that the United States' interests will be impaired if it is not allowed to intervene, as there are currently no parties capable of adequately protecting it. *See John Doe No. 1 v. Glickman*, 256 F.3d 371, 378–79 (5th Cir. 2001).

Accordingly, the United States of America's Motion to Intervene (Dkt. No. 14) is **GRANTED**. The Clerk of Court is **DIRECTED** to add Intervenor to the docket sheet and to docket Intervenor's Response to the Petition (Dkt. No. 14-1) and its attachments (Dkt. Nos. 14-2, 14-3, 14-4, 14-5).

It is so **ORDERED**.

**SIGNED** September 2, 2026.

Marina Garcia Marmolejo
United States District Judge