United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BATSIMBA MABONDZO BERANGER, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00516 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's petition for a writ of habeas corpus. (D.E. 1). On May 11, 2026, the Board of Immigration Appeals dismissed Petitioner's appeal of his removal order. *Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sep. 30, 2026). Petitioner is now subject to a final order of removal under 8 U.S.C. § 1231. *Id.* For the reasons below, the Court **DENIES as moot** Petitioner's habeas petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). "Any prolonged detention claim related to a petitioner's prior detention under § 1225(b) becomes moot when the BIA's dismissal of [a petitioner's] appeal shifts their detention to the framework erected in § 1231." *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947 (S.D. Tex. 2020) (Saldaña, J.) (citation modified); *see also Nyabwa v. Dep't of Homeland Sec. Immigr. & Customs Enf't Field Off. Dir.*, 537 F. App'x 451 ("Because [Petitioner] is no longer subject to the detention he challenged in his application [pre-removal order detention], his appeal of the district court's dismissal is moot.") (citing *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006)). Because

Petitioner is now detained under § 1231, not § 1225(b), his challenge to his pre-removal order detention is moot. Accordingly, the Court **DENIES as moot** Petitioner's petition. (D.E. 1).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 30th, 2026